UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

# DOCKETING STATEMENT

Case Name: <u>Endicott-Quinones et al. v. Garza, et al.</u>

Appeal No.: <u>24-2134</u>

Court Appealing From: <u>United States District Court for the District of New Mexico</u>

Court Docket No.: <u>1:21-cv-00368-DHU-JMR</u>

Party of Parties Filing Notice of Appeal: <u>All Defendants</u>

I. TIMELINESS OF APPEAL OR PETITION FOR REVIEW

   A. **APPEAL FROM DISTRICT COURT**

   1. Date notice of appeal filed: <u>September 11, 2024</u>

      a. When was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing notice of appeal: <u>Motion for extension was not filed</u>.

      b. Is the United State or an officer or an agency of the United States a party to this appeal? <u>No</u>

   2. Authority fixing time limit for filing notice of appeal: <u>Fed. R. App. 4(a)(1)(A)</u>

   3. Date final judgment or order to be reviewed was **entered** on the district court docket: <u> August 15, 2024</u>

4. Does the judgment or order to be reviewed dispose of all claims by and against all parties? See Fed R. Civ. P. 54(b): No

   **(If your answer to question 4 above is no, please answer the following questions in this section).**

   a. If not, did the district court direst entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done? No

   b. If the judgment or order is not a final disposition, is it appealable under 28 U.S.C §1292(a)? No

   c. If none of the above applies, what is the specific statutory basis for determining that the judgment or order is appealable? 28 U.S.C. § 1291. *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)

5. Tolling Motions
   a. Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. (4(a)(4)(A) pr 4(b)(3)(A): None

   b. Has an order been entered by the district court disposing of any such motion, and, if so, when? Not applicable

6. Cross Appeals:
   a. Is this case a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co, v Boulder Plaza Residential, LLC*, 633 F.3d. 951, 958 (10th Cir 2011)(addressing jurisdictional validity of conditional cross appeals). No

   b. If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your

appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F. 3d 1173, 1196-98 and n. 18 (10th Cir. 2010(discussing protective or conditional cross appeal). <u>Not applicable.</u>

B. **REVIEW OF AGENCY ORDER** (to be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.) **(**<u>Not applicable</u>**)**

  1. Date the petition for review was filed:
  2. Date of the order to be reviewed
  3. Specify the statute or other authority granting the court of appeals jurisdiction to review the order.
  4. Specify the time limit for filing the petition (cite specific statutory section or other authority)

C. **APPEAL OF TAX COURT DECISION (**<u>Not applicable</u>**)**
  1. Date notice of appeal was filed
  2. Time limit for filing notice of appeal
  3. Date of entry of decision appealed
  4. Was a timely motion to vacate or revise a decision made under the Tax Courts Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a).

II. ADDITIONAL INFORMATION IN CRIMINAL APPEALS
**(**<u>Not applicable</u>**)**
A. Does this appeal involve review under 18 USC §3742(a) or (b) of the sentence imposed?
B. If the answer to A (immediately above) is yes, does the defendant also challenge the judgement of conviction?
C. Describe the sentence imposed.
D. Was the sentence imposed after a plea of guilty?
E. If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges?
F. Is the defendant on probation or at liberty pending appeal?
G. If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed?

3

## III. GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW

This civil rights action arises from the allegations of Plaintiffs that they were injured when they were returned to the physical custody of their biological parents for a trial home visit. *See* CORRECTED SECOND AMENDED COMPLAINT ("Complaint")(Doc. 53). Plaintiff are four minors who became enmeshed in abuse and neglect proceedings when their biological parents were found panhandling in a Walmart parking lot in Hobbs New Mexico on June 3, 2019. The Plaintiffs were taken into the custody of the Children Youth and Families Department ("CYFD") based on concerns that the parents were failing to provide for the Children's basic needs including shelter, clothing, and medical treatment. The Children were deemed neglected by a state district court judge, placed into foster care, and their parents were ordered to complete a treatment plant, the goal of which was to remedy the conditions that led to the Children being placed into state custody.

In late March 2020, CYFD placed the three oldest children on a trial home visit with their biological parents. The youngest child was placed in her parents' home thereafter, in April of 2020. About that time, the Children's mother was released from federal detention for immigration issues. Shortly thereafter, the parents fled New Mexico and took the Children with them, even though CYFD retained legal custody of the Children. Approximately six months after the family disappeared, in October 2020, the youngest child was left in a North Carolina hospital with serious injuries.

Plaintiffs' filed suit alleging that Defendants disregarded the constitutional rights and well-being of the Plaintiff children in "a concerted effort to get rid of their case." Doc 53 at ¶ 2. In addition to CYFD, the Defendants, include Patrica Garza, Jennifer De Los Santos and Branda Saldana, all of whom worked the CYFD Hobbs Office. Rebecca Liggett was an attorney employed by CYFD. Plaintiffs generally assert that returning the Children to the physical care of their parents violated their rights because CYFD knew or should have known that the parents intended to "kidnap" them.

Count One of the Complaint asserts that, by placing the Plaintiffs back in the care of their biological parents, CYFD violated the special relationship it had with

Plaintiffs, thus violating their Fourteenth Amendment rights. Count Two of the Complaint alleges that the Defendants created a dangerous situation by removing the Plaintiffs from the safety of a foster parent home and returning them to the home of their biological parents. The third claim for relief seeks damages pursuant to New Mexico law. That claim is not at issue in this appeal.

Defendants filed their Renewed Motion for Summary Judgment [Doc. 91], the denial of which is the subject of this appeal, and raised the defense of qualified immunity asserting that the alleged actions did not constitute a constitutional violation under either the special relationship or danger creation doctrines. Moreover, to the extent the District Court was inclined to find that placing children on a trial home visit with their biological parents violated the Plaintiffs' constitutional rights, that right was not clearly established. Indeed, the case authority points to the opposite conclusion.

The restoration of the Plaintiffs to the physical custody of their biological parents for a trial home visit, even while CYFD retained legal custody, restored the *status quo ante*. Accordingly, as a matter of law, Plaintiff's cannot maintain their cause of action based on danger creation because the Defendants did not create or increase the risk of harm to the Plaintiffs by their biological parents.

The District Court disagreed, finding that T.D. v. Patton, 868 F.3d 1209, 1238–39 (10th Cir. 2017) established that the Plaintiffs had a clearly established right not to be placed in the custody of a potentially dangerous biological parent. However, the District Court overlooked the fact that the child in T.D. was taken by the state from a custodial biological parent and placed with a non-custodial biological parent who then harmed the child. That is not the fact pattern here. To the contrary, it is undisputed that the Plaintiffs were taken from their custodial biological parents by the state, placed with foster parents, then removed from foster parents and placed back in the physical custody of their biological parents. In T.D. the child would not have been in the care of the dangerous parent but for the actions of the state. Here, the Plaintiffs were restored to the same situation that had existed prior to their temporary stint in state custody. The District Court's reliance on T.D. was misplaced.

Moreover, because the Plaintiffs were taken from New Mexico, Defendants could not, as a matter of law, be legally liable for any injuries that Plaintiffs may

5

have incurred because the Defendants lacked the requisite control to maintain a special relationship as required by Armijo v. Wagon Mound Pub. Schs., 159 F.3d 1253 (10th Cir. 1998). Moreover, the weight of clearly established law points to the conclusion that legal custody without physical custody does not support claim for breach of a special relationship. Wooten v. Campbell, 49 F.3d 696, 699 (11th Cir. 1995). The District Court erred by relying on case authority related to foster care to find the law was clearly established and essentially ignored the contrary authority cited by Defendants.

### IV. IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL.

Defendants seek a reversal of the Order denying their Renewed Motion for Summary Judgment on three distinct but related grounds:

1) The District Court erred in not concluding that returning of the Plaintiffs to the physical custody of their biological parents terminated the special relationship between Plaintiffs and Defendants as a matter of law.

2) The return of the Plaintiffs to their previously custodial biological parents for a trial home visit restored the *status quo ante* as a matter of law and precludes any finding that the actions of the Defendants created or enhanced any danger to the Plaintiffs. The District Court's analysis erred in comparing Plaintiffs' allegations to one where the state placed children with either foster parents or with a previously non-custodial biological parent. Any danger posed by the parents existed prior to Defendants' intervention, and even if Defendants put the Plaintiffs back in that same danger, the Defendants would not be liable because they could not have created a danger that already existed. Armijo By & Through Chavez v. Wagon Mound Pub. Sch., 159 F.3d 1253, 1263 (10th Cir. 1998).

3) In April of 2020, it was not clearly established by controlling case authority, that CYFD's placement of Plaintiffs back in the physical custody of their biological and previously custodial parents, while maintaining legal custody of those children, was a violation of the Plaintiffs' constitutional rights under

either a theory of danger creation or the theory of breach of the special relationship. Accordingly, Defendants are entitled to qualified immunity.

V.   **ATTORNEY FILING DOCKETING STATEMENT:**

Name:  James J. Grubel                    Telephone:  505-246-2805 x 104

Firm:  Park & Associates, LLC

Email Address:  jgrubel@parklawnm.com

Address:  3840 Masthead St. NE, Albuquerque, NM 87109


/s/ *James J. Grubel*                        09/25/2024
James J. Grubel                              Date

# **CERTIFICATE OF SERVICE**

I, James J. Grubel, hereby certify that on September 25, 2024 I served a copy of the foregoing **Docketing Statement**, via email to Benjamin Gubernick (ben@gubernicklaw.com) and Todd Bullion (todd@bullionlaw.com), counsel for appellees on September 25, 2025.

Further, a copy of same was sent via first class mail through the U.S. Post office to Benajamin Gubernick 10720 W. Indian School Rd., Ste 19 PMB 9, Phoenix, AZ 85037 and Todd Bullion, 4811 Hardware Dr NE, Albuquerque, NM 87109.

By */s/ James J. Grubel*
James J. Grubel
Park & Associates, LLC
3840 Masthead Street, N.E.
Albuquerque, NM 87109
505-246-2805 ext. 104
jgrubel@parklawnm.com
*Counsel for Defendants/Appellants*